BARTON, (UNITED STATES v.)   See Cases Nos. 14,533 and 14,534.

BARTOW IRON WORKS, (MARTIN v.) See Case No. 9,157.

———

## Case No. 1,086.

In re BARTUSCH.

[9 N. B. R. (1874,) 478.]

District Court, D. Massachusetts.

BANKRUPTCY—PROOF OF CLAIMS — POSTPONEMENT BY REGISTER.

[1. Under section 23 of the bankrupt act of March 2, 1867, (14 Stat. 528,) which authorizes the judge, at the first meeting of creditors before the election of an assignee, to postpone proof of any claim which he regards as doubtful, the register may exercise the same discretion.]

[2. Where, at such meeting, claims are objected to which the register regards as clearly valid, he can neither admit them as valid, nor postpone the proof merely because they are ob-

jected to, but he must apply to the court if the objections are not withdrawn.]

[Cited in Re Jackson, Case No. 7,123; Re Hunt, Id. 6,884.]

In bankruptcy. This case arose upon a certificate from T. W. Palfrey, Esq., register, [in the matter of Bartusch, a bankrupt,] and was argued by Oliver Stevens, Esq., and Messrs. Graves.

LOWELL, District Judge. The question arises, for the first time in this district, whether the register holding the first meeting has authority to postpone the proof of debts under section twenty-three of the statute, [Act March 2, 1867, 14 Stat. 528,] or whether he is merely to take the evidence and report it to the court, as in other issues of law or fact. Congress appears to have been of opinion that if the registers had judicial powers conferred upon them they would be judges, who must be appointed for life, under the first section of the third article of the constitution; and for this reason it was very careful to restrain the powers of these officers within narrow limits. Whatever may be the meaning of the constitution, it has always been the practice to confer a certain amount of judicial power upon commissioners and other magistrates who are not called judges, and who are not appointed and do not hold office as judges. There is very great convenience in this practice, and I do not know that its propriety has been doubted. Registers in bankruptcy have, and must have, certain judicial powers, such as the regulation of the course of meetings, and of the evidence given before them, and the ordering of many things which cannot be called ministerial. It seems to me they should have the power given by section twenty-three to postpone the proof of debts. The word used is "judge," but the register exercises many of the functions of the judge, especially in respect to the proceedings at meetings of the creditors. The purpose of this section is, that the choice of an assignee shall not be delayed by the litigation of doubtful claims. If such delay were once admitted it might be months before the choice could be made, and disastrous results would ensue. The reasons in favor of the register's exercise of this power are like those which prompted its adoption. He has the means for a prompt and careful decision, and he sees the witnesses. His discretion is not likely to be abused, and if in any case the indirect result should be the election of a person unfit to be assignee, it would be the register's duty not to confirm him. He must, of course, decide upon each debt separately, and upon evidence which satisfies him that there is a judicial doubt of its validity or of the right of the creditor to prove it. These are the only grounds mentioned in the statute.

I understand there is a standing rule in the southern district of New York giving this power to registers. A rule, however, is not

necessary, if the statute, by the word judge, refers to the magistrate holding the meeting, and a rule would not avail to give the power unless the statute may be so construed. The registers have exercised this power in this district, and, so far as I know, in the other districts. Bump, Bankr., notes to section 23, and cases cited. The practice is open to this obvious remark, that if debts are objected to, and the register considers them not doubtful, but clearly valid and admissible, he yet cannot admit them to proof, against objection, because that would be the decision of a question which the statute gives him no power to decide. I agree that in such an event the court must be applied to, if the objections are not withdrawn. The register has not the power to proceed to a choice of assignee without the votes of all the creditors who wish to vote, if their votes can influence the result, unless the register himself considers their claims doubtful. He cannot postpone them merely because they are objected to; but we have found, in practice, that frivolous or unfounded objections usually are withdrawn after a summary hearing before the register. It was early seen that parties contending for choice of an assignee might make a dead lock at any time by each objecting to all debts offered by his opponent. I then passed a rule that the objections should be stated and tried on the spot, and reported to me at once, intimating that the propounder of frivolous objections might be visited with costs. This has put an end to these vexatious delays.

While, therefore, the register's powers are limited, and, as it were, one sided in this matter, yet I think he has, by law and practice, the right to postpone the proof of a debt which, upon the evidence, he judicially considers to be of doubtful validity, though he can neither admit nor disregard a contested claim which he deems valid, and which would have controlling weight, but must report it to the court. I do not mean to be understood that the court could not order the choice of assignee to proceed, notwithstanding an appeal to the circuit court.